MILLIKEN, ESTATE OF, In Re
McEBRIGHT v VOGEL

Ohio Appeals, 9th Dist, Summit Co

No 2897. Decided June 7, 1937

W. J. Laub, Akron, for appellant.
Hugh D. Rodgers, Akron, for appellee.

## OPINION

By DOYLE, J.

This case is before this court on appeal on questions of law from the Probate Court of Summit County.

The facts as disclosed by the record are, briefly, that on April 10, 1930, an inventory and appraisement of the estate of Katherine M. Milliken, deceased, was filed in the Probate Court under favor of §10639, GC (now 10509-59, GC, as amended); that the complainant, Carita McEbright, was the sole heir and legatee of the said Katherine M. Milliken, deceased; that no exceptions to said inventory and appraisement of April 10, 1930, were filed by the complainant; that the Probate Court on October 5, 1936, upon the application of the then administrator de bonis non, ordered another inventory of the estate; that a second inventory and appraisement was filed in the Probate Court on January 9, 1937; that on January 14, 1937, the complainant, in the capacity of "sole heir and legatee of the said Katherine M. Milliken, deceased," filed her exceptions to the inventory of January 9, 1937, "for the reason that all the property listed in said inventory, except the real estate, stocks, bonds, and cash in the bank, is not the property or estate of said decedent, but the property and personal estate of this exceptor, and, therefore, should not be inventoried and appraised as the property of said estate": that hearings were had in the said Probate Court on the exceptions filed, whereupon the court, after consideration thereof, sustained the objection of the administrator de bonis non to the introduction of "any evidence in support of said exceptions upon the ground that the exceptions of said Carita McEbright were not seasonably filed," and dismissed the exceptions.

Appeal has been taken from the ruling and order of the Probate Court which dismissed the exceptions, and thereby precluded the complainant from attempting to prove her claim.

A part of §10638, GC, as in force in the year 1930, was as follows:

"Within thirty days after his appointment, every executor and administrator, and administrator de bonis non shall make and return upon oath, into court, a true inventory of the goods, chattels, moneys, rights and credits of the deceased, by law to be administered, and which have come to his possession or knowledge * * *."

During all of the year 1936, and all of the portion of the present year to date, the Probate Code has permitted, as did the Code in force in 1930, additional inventories to be filed, if in the opinion of the Probate Court it is or was necessary. (Old §10638, GC; new §10509-41, GC).

Sec 10639, GC, as in force in the year 1930, read as follows:

"Within six months after the return of an inventory a person interested in the estate may file exceptions to it. Thereupon, the court shall set a day for their hearing, and cause written notice of such filing and of the time for the hearing to be given to the executor or administrator, not less than five days before that time. For good cause the hearing may be continued for such time as the court deems reasonable. At the hearing the executor or administrator, and any witness may be examined under oath. The court must enter its finding on the journal and tax the costs as may be equitable."

The Probate Court applied this section of the statute to the matter before it, and construed it as a limitation upon the right of the claimant to file exceptions after the 6-months period from the filing of the original inventory.

With this conclusion we do not agree.

Sec 10639, GC, supra, was amended subsequent to 1930, and during all of the year 1936, and all of the portion of the present year to date, it has, as §10509-59, GC, read as follows:

"Upon the filing of the inventory the court shall forthwith set a day not later than one month after the day such in-

ventory was filed, for hearing on the inventory, and shall give at least ten days' notice by registered mail or otherwise, of the hearing to the executor or administrator and to such of the following as are known to be residents of the state and whose place of residence is known; surviving spouse, if any; next of kin; beneficiaries under the will, if any; the attorney or attorneys, if known, representing any of the aforementioned persons. Such notice may be waived in writing by any of the foregoing. For good cause the hearing may be continued for such time as the court deems reasonable. **Exceptions to the inventory** and/or year's allowance **may be filed** at any time prior to five days before the date set for the hearing or the date to which such hearing has been continued as provided herein, **by any person interested in the estate or in any of the property included in the inventory,** but such time limit for the filing of exceptions shall not apply in case of fraud or concealment of assets. When exceptions are filed notice thereof and time of hearing thereon shall forthwith be given to the executor or administrator and his attorney, by registered mail or by personal service, unless such notice is waived. At the hearing the executor or administrator and any witness may be examined under oath. The court must enter its finding on the journal and tax the costs as may be equitable." (Emphasis ours).

It is to be noted that the complainant excepted specifically to the inventory filed on the 9th day of January, 1937, by the administrator de bonis non; that she filed said exceptions as "the sole heir and legatee" of the said deceased; and that she also claimed ownership of property listed in the inventory. She therefore classified herself as one falling within the ▮▮▮▮▮▮ provisions of the amended statute in force in 1936 and in 1937 to date (§10509-59, **GC**, supra), both as a person "interested in the estate," and as one interested "in * * * property included in the inventory."

Objection was made by the administrator de bonis non, and sustained by the court, to the right of the complainant to file exceptions to the second inventory, although they were filed five days after the filing of the said second inventory, for the reason that her right to file exceptions expired six months after the filing of the first inventory.

We do not so understand the statutes. The Probate Court ruled that the old statute, §10639, **GC**, governed this estate and the right to file exceptions. Assuming that to be so for the purpose of argument, the statute did not state that exceptions **must** be filed, by persons interested in the estate, within six months after the filing of the first inventory. It did specifically say that "within six months after the return of **an** inventory a person interested in the estate may file exceptions to it."

We therefore are of the opinion, first, that the reasons advanced by the Probate Court, for the taking of an ▮▮▮▮▮▮ additional inventory of an estate, have no bearing upon the right to except to such subsequent inventory if done within the limitations of the statute; second, that under the old statute the period of 6 months ▮▮▮▮▮▮ within which exceptions may be filed by persons falling within the class specified in said statute began to run from the date of the filing of the particular inventory to which exception was taken.

Mention is made of the old statute for the reason that the Probate Court based its holding upon its provisions. That statute as amended subsequent to 1930, however, in our opinion is applicable to the matter before us, and not the old statute.

The new statute, §10509-59, **GC**, not only permits persons "interested in the estate" to file exceptions to an inventory but, in addition thereto, permits persons interested "in any of the property included in the inventory" to file exceptions.

The complainant herein claimed ownership of property included in the second inventory. We are of the opinion that she was entitled to the remedial advantages of the additional features of the new statute, and that her right to file exceptions, as owner of property inventoried, after the new statute became effect- ▮▮▮▮▮▮ ive, was not curtailed simply because the estate was in the process of administration while the old sections of the statute were in effect. Also, that the failure of the complainant to file exceptions to the first inventory within the time specified under the ▮▮▮▮▮▮ old statute, did not exhaust her right to raise the question of the ownership of property which she claimed as her own and which was included in a subsequent inventory under the new statute. We conclude, therefore, that the Probate Court was in error in refusing

to hear evidence and determine the question presented.

The order of the Probate Court is reversed and the cause remanded.

STEVENS, PJ, and WASHBURN, J, concur in judgment.